UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAMI KNAPP,

                           Plaintiff,                        **COMPLAINT**

VS.

                                                    Civil Action No.   1:16-CV-0340
GENERAL ELECTRIC COMPANY,                                           (GTS/DEP)

                           Defendant.

---

Plaintiff Tami Knapp, by and through her attorneys D'Orazio Peterson LLP, as and for her Complaint against Defendant General Electric Company alleges as follows:

## NATURE OF ACTION

1.   Plaintiff Tami Knapp ("Plaintiff") brings this action against Defendant General Electric Company ("Defendant" or "GE") for discrimination on the basis of sex; sexual harassment and hostile work environment; and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and the New York State Human Rights Law ("NYHRL"), New York Executive Law § 290, et. seq.

## JURISDICTION

2.   This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1331 and 1367.

## PARTIES

3.   Plaintiff is an individual who maintains a residence in the County of Albany, New York.

4.   Defendant General Electric Company is a domestic business corporation organized and existing under the laws of the State of New York, with principal executive offices at 3135 Easton Turnpike, Fairfield, CT 06828, and which operates the General Electric Global Research Center

("GE Global Research") at 1 Research Circle, Niskayuna, New York 12309, where Plaintiff was employed.

5.   Upon information and belief, Defendant employs greater than fifty (50) employees at GE Global Research in Niskayuna, New York

## VENUE

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Schenectady County, New York which is located within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.   Plaintiff filed a timely charge of discrimination on the basis of sex, sexual harassment and hostile work environment and retaliation with the United States Equal Employment Opportunity Commission on or about August 14, 2015.  Plaintiff received a Notice of Right to Sue dated January 5, 2016.

## BACKGROUND

8.   Plaintiff was employed by Defendant at GE Global Research in Niskayuna, New York from approximately February 2013 through her constructive discharge on or about February 19, 2015.

9.   At the time of her constructive discharge, Plaintiff's position was inventory control specialist.  Plaintiff, at all times relevant, was qualified and able to perform the functions of her position, excelled in her job duties and had a positive performance history.

10. At all times relevant, Plaintiff was the only woman in the design and development shop to which she was assigned and, other than one other woman assigned to a segregated wire room, was the only woman on the main floor.

11. In or about July 2013, Plaintiff began being sexually harassed by a supervisor and machine repair leader by the name of William Vellette, known as "Bill".

12. Throughout her employment, Bill left Plaintiff notes in her office such as "you look sexy today" and asked her out on dates.   When Plaintiff rebuffed him, he became angry and threatening.

13. In or about the summer of 2014, Bill's sexually charged and threatening behavior escalated.   Bill started coming into Plaintiff's work area daily, making sexually charged comments and threats.   Bill would fondle himself in front of Plaintiff and tell her that he was not wearing any underwear.

14. Plaintiff made complaints about Bill's behavior through the end of January 2015.

15. Despite these complaints, during this period, Bill was given "badge access" which meant that he had unfettered access to Plaintiff's work area and would be present and waiting for her in the mornings when she arrived for work.

16. Despite Plaintiff's complaints, GE did nothing to prevent Bill from having access to Plaintiff pending completion of any investigation.

17. Bill's sexually inappropriate and threatening behavior continued and culminated on February 12, 2015 when, after again entering Plaintiff's area against her wishes, he pushed her, causing her to fall back and hit her head.

18. Plaintiff made another complaint to GE following the February 12, 2015 incident, but nothing was done.

19. Bill's conduct created a hostile work environment which Defendant permitted to continue despite being on notice of his harassment and threatening behavior.

20. During this time period, Plaintiff also was harassed by a male coworker by the name of Joshua Lutt, known as "Josh."  Josh informed Plaintiff that "we" do not want women on "our" floor.

21. Josh would intentionally physically intimidate Plaintiff by walking inappropriately close behind her, leering at her, slamming the door to her area, grabbing the door and shaking it and throwing cards at her.

22. Plaintiff complained to Defendant about Josh's harassment in or about July, September and October 2013.  Upon information and belief, Defendant undertook some investigation of Plaintiff's complaints about Josh but it was ineffective and took an excessive period of months to complete.

23. During the period that Defendant purported to investigate Plaintiff's claims, Josh continued to harass and intimidate her without consequence and had unfettered access to her workspace.

24. During this period, Plaintiff was forced to attend a meeting to discuss Josh's behavior at which she was the only woman among several men, including shop manager Dave Ferrell, and at which Josh was permitted to confront Plaintiff.  This was inappropriate and resulted in Plaintiff feeling vulnerable and intimidated.

25. During this meeting Josh made a comment to the effect that "this is why we shouldn't have women here".

26. Upon information and belief, Defendant's purported investigation culminated in no disciplinary action against Josh nor was he transferred to an area where he would not be in contact with Plaintiff.

4

27. After Plaintiff's complaints and Defendant's insufficient and ineffective investigation, Josh told her "told ya, nothing was going to happen to me."

28. Following the apparent conclusion of Defendant's investigation into Josh's behavior, Josh continued to exhibit a retaliatory and hostile demeanor towards Plaintiff until the end of her employment.

29. Josh was also permitted to remain in his position on the main floor where Plaintiff was forced to come into contact with him on a virtually daily basis.

30. Josh's harassment constitutes and contributed to the hostile work environment which was continuing through the end of Plaintiff's employment.

31. Throughout Plaintiff's employment, together with the behavior of Joshua Lutt and William Vellette, a culture of sexually inappropriate behavior and intimidation of women existed on the main floor.

32. Throughout the entirety of Plaintiff's employment, there were lewd photos of women on the machinery and male employees viewed pornographic videos on work computers.

33. Plaintiff took photographs of the lewd photos on the machinery and made a complaint to security and Human Resources.  Plaintiff showed Defendant the photos and complained about the sexually inappropriate atmosphere including the viewing of inappropriate videos.

34. Security and Human Resources chastised Plaintiff for taking photographs and told her to erase them.

35. Despite Plaintiff's complaint, inappropriate sexual photographs and videos continued to be viewed on the main floor until the end of her employment.  This was common knowledge as individuals would view these videos openly in the main hallway.

36. The sexually inappropriate, hostile and intimidating atmosphere on the main floor was common knowledge throughout the facility. To Plaintiff's knowledge, female researchers were afraid to come onto the floor because of the sexually charged and intimidating culture.

37. Upon information and belief, other female employees have made complaints of sexual harassment to Defendant but nothing has changed. Upon information and belief, these employees include but are not limited to an individual by the name of Ruth Z. who was assigned to the wire room. Upon information and belief, an employee by the name of Dee, who was assigned to the electrical area on the second floor, also has made complaints of harassment.

38. At one point during Plaintiff's employment, she had a supervisor by the name of Tom Rosczak. Mr. Rosczak was aware of Plaintiff's complaints but informed her that he had "seen a lot" and GE would likely do nothing to remedy the situation, i.e., the sexual harassment.

39. The incidents set forth above including the actions of William Vellette and Joshua Lutt were part of one continuing hostile work environment which was common knowledge and which was permitted to exist until Plaintiff's departure from employment.

40. In addition to the foregoing, Plaintiff was passed over for promotion because of her gender. At all times relevant, Plaintiff was qualified for promotion, but was passed over in favor of male candidates pursuant to a pattern and practice of favoring male employees in her male-dominated workplace.

41. For example, in May 2013, Plaintiff took a test in connection with admission to the machine tech program, which would have resulted in her advancement to a more senior position with increased pay. Upon information and belief, all employees who passed the test were to be interviewed. Upon information and belief, Plaintiff received a passing score on the test.

Defendant, however, interviewed only men and admitted ten (10) male candidates into the program to the exclusion of Plaintiff.

42. Following this incident, Plaintiff made a complaint to Defendant.

43. In or about February 2014 and June 2014, Plaintiff again was passed over in favor of male candidates for promotion to management positions.

44. Throughout the course of her employment, Plaintiff also applied for positions via GE's internal system but was never contacted for an interview.  When she inquired, she was informed that the positions had been filled.

45. Defendant has a policy, pattern and practice of favoring male candidates for promotion in Plaintiff's male dominated workplace and Plaintiff has not been promoted because of her gender.

46. Defendant's actions in continually passing Plaintiff over for promotion and thwarting her opportunities for career advancement constitute a continuing violation of the relevant employment statutes.

47. Plaintiff was passed over for promotion after making repeated complaints about harassment and the circumstances of the failure to promote in 2013.

48. As a result of the hostile work environment, physical intimidation, harassment, and inability to advance her career set forth herein, Plaintiff began to suffer from severe anxiety and headaches, and has been diagnosed with post-traumatic stress disorder.

49. Instead of taking any meaningful steps to respond to Plaintiff's complaints, Defendant allowed the harassment to continue and it ultimately culminated in an incident wherein Plaintiff was pushed on February 12, 2015.

50. After the February 12, 2015 incident, instead of disciplining Bill Vallette or undertaking any meaningful steps to address the harassment, Defendant chose to punish Plaintiff by, on or about February 19, 2015, transferring her out of the position in which she was excelling.

51. Defendant, upon information and belief, took no action against the wrongdoers who have at all times been permitted to remain in their positions with unfettered access to Plaintiff.

52. Prior to her transfer, Plaintiff worked in the main building of the research center.  In this position, Plaintiff had significant responsibility and was in the midst of ongoing projects; was busy throughout the day; and interacted with other employees and supervisors who, were it not for favoritism of male employees, would be instrumental in any career advancement or promotion opportunities.

53. The building and position to which Plaintiff was transferred, however, was in a known segregated area where Plaintiff would not have the same interactions, responsibilities and workload as her prior position.  The new position was in a known isolated area where employees did not interact with or participate in the key action which took place in the main building where Plaintiff was previously assigned.

54. Defendant's decision to transfer Plaintiff made it clear that GE did not intend to remedy the hostile work environment on the main floor.

55. While Defendant transferred Plaintiff out of a position in which she was excelling and which would allow her opportunities for job growth, upon information and belief, Defendant did not transfer or otherwise discipline Bill Vallette.

56. Defendant has a history of moving women who make complaints of sexual harassment into segregated areas instead of disciplining or transferring the male perpetrators of the harassment, or remedying the general culture of sexual harassment and intimidation.   Upon

information and belief, in addition to Plaintiff, Ruth Z. and Dee also were assigned to segregated areas.

57. As a result of her transfer, and because of the harassment and hostile work environment suffered until that point, Plaintiff was forced to go out of work on disability due to the severe emotional distress and injuries caused by Defendant.

58. The actions and failures of Defendant which forced Plaintiff to go out of work constitute a constructive discharge.

59. At all times relevant and because of the actions of GE set forth above, Plaintiff is not able to return to work at GE.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**(Discrimination in Violation of Title VII)**</u>

60. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

61. Defendant failed to promote, hire or interview Plaintiff for management positions despite her qualifications in favor of male employees; transferred Plaintiff while permitting male employees to remain in their positions; and disregarded Plaintiff and other women's complaints and a culture of inappropriate sexually charged behavior on the main floor.

62. Defendant's actions as set forth herein constitute unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964.

63. Defendant's actions constitute a continuing violation of Title VII.

64. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions, health benefits and tuition reimbursement, lost pay for failure to promote/hire to management positions, lost opportunities for advancement, compensatory

damages for emotional and psychological injuries and humiliation and reasonable costs and attorneys' fees.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Sexual Harassment and Hostile Work Environment in Violation of Title VII)**

65. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

66. Plaintiff was sexually harassed by Joshua Lutt and William Vellette as set forth above.

67. The actions of Mr. Lutt and Mr. Vellette created a hostile work environment for Plaintiff.

68. The viewing of pornographic materials and lewd photographs and videos and a general culture of intimidation and sexually inappropriate behavior, including harassment of other female employees, created a hostile work environment for Plaintiff.

69. Contributing to this hostile work environment, throughout the course of her employment, numerous opportunities for Plaintiff's advancement were thwarted because of favoritism to male employees.

70. The actions of Defendant's agents and employees, as set forth above, were so severe and pervasive that they altered the terms and conditions of Plaintiff's employment ultimately resulting in her constructive discharge.

71. Defendant's actions, and the actions of its agents and employees, as set forth above created a workplace that was permeated with hostility, ridicule and insult against female employees and Plaintiff in particular.

72. By virtue of its failure to promptly and adequately investigate complaints of discrimination and harassment by Plaintiff and other female employees or to respond to a commonly known inappropriate and sexually charged culture on the main floor, Defendant is liable for the harassment perpetrated against Plaintiff by its agents and employees.

73. Defendant's actions and failures constitute a continuing violation of Title VII.

74. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions, health benefits and tuition reimbursement, lost pay for failure to promote/hire to management positions, lost opportunities for advancement, compensatory damages for emotional and psychological injuries and humiliation and reasonable costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

75. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

76. Plaintiff engaged in protected activity when she complained of harassment and discrimination.

77. Plaintiff suffered adverse employment actions including refusal to promote, interview or hire to management positions and transfer to an inferior position, resulting in her constructive discharge, in close temporal proximity to protected activity.

78. Defendant's transfer of Plaintiff out of a position in which she was excelling and had opportunity for growth to a known isolated position, without disciplining or transferring male employees perpetrating the harassment, constitutes illegal retaliation under Title VII and caused Plaintiff's constructive discharge.

79. Defendant refused to promote, interview or hire Plaintiff for management positions in retaliation for her complaints of discrimination and harassment.

11

80. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions, health benefits and tuition reimbursement, lost pay for failure to promote/hire to management positions, lost opportunities for advancement, compensatory damages for emotional and psychological injuries and humiliation and reasonable costs and attorneys' fees.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Sex Discrimination in Violation of the NYHRL)**

81. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

82. Defendant's actions as set forth above constitute discrimination on the basis of sex in violation of the New York State Human Rights Law ("NYHRL").

83. Defendant's actions as set forth above constitute a continuing violation of the NYHRL.

84. Defendant's actions as set forth above resulted in Plaintiff's constructive discharge in February 2015.

85. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions, health benefits and tuition reimbursement, lost pay for failure to promote/hire to management positions, lost opportunities for advancement, compensatory damages for emotional and psychological injuries and humiliation and reasonable costs and attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Sexual Harassment and Hostile Work Environment in Violation of the NYHRL)**

86. Plaintiff repeats and realleges each of the foregoing paragraphs as if more fully set forth herein.

87. The actions of Defendant and its agents and employees created a work environment that was permeated with insult, ridicule and hostility to female employees including Plaintiff.

88. The actions of Defendant were so severe and pervasive that they altered the terms and conditions of Plaintiff's employment and resulted in her constructive discharge in February 2015.

89. The actions of Defendant were continuing and part of one hostile work environment.

90. Defendant failed to adequately act on complaints of harassment by Plaintiff and other female employees.

91. The hostile work environment created by Defendant resulted in Plaintiff's constructive discharge and constitutes a continuing violation of the NYHRL.

92. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions, health benefits and tuition reimbursement, lost pay for failure to promote/hire to management positions, lost opportunities for advancement, compensatory damages for emotional and psychological injuries and humiliation and reasonable costs and attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Retaliation in Violation of the NYHRL)

93. Plaintiff repeats and realleges each of the foregoing paragraphs as if more fully set forth herein.

94. Plaintiff engaged in protected activity when she made complaints of harassment and discrimination.

95. Defendant retaliated against Plaintiff for engaging in protected activity when it transferred her out of her position and caused her constructive discharge.

13

96. Defendant retaliated against Plaintiff for engaging in protected activity when it thwarted numerous opportunities for Plaintiff's advancement.

97. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions, health benefits and tuition reimbursement, lost pay for failure to promote/hire to management positions, lost opportunities for advancement, and compensatory damages for emotional and psychological injuries and humiliation.

## JURY DEMAND

98. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff demands Judgment against Defendant as follows;

(A) Declaring that Defendant's actions are in violation of the Title VII and the NYHRL and enjoining Defendant from future violations thereof; and

(B) On the first cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(C) On the second cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(D) On the third cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(E) On the fourth cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(F) On the fifth cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(G) On the sixth cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; together with

(H) Such other legal and equitable relief as the Court deems appropriate under the circumstances and which is available by law or statute.

Dated: March 23, 2016
        Saratoga Springs, New York

                                        D'ORAZIO PETERSON LLP

                                        By: /s/ *Giovanna A. D'Orazio*
                                            Giovanna A. D'Orazio
                                            Bar Roll #515574
                                            Scott M. Peterson, Esq.
                                            Bar Roll #513186
                                            125 High Rock Avenue
                                            Saratoga Springs, NY 12866
                                            (tel) 518-308-8339
                                            (fax) 518-633-5106
                                            (email) gad@doraziopeterson.com
                                                    smp@doraziopeterson.com